**In the Matter of Hardy Vinson FULLER, Bankrupt.**

**No. 14689.**

United States District Court,
N. D. Georgia,
Rome Division.

June 5, 1973.

Eugene F. Edge, Calhoun, Ga., for bankrupt.

Robert D. Engelhart, Rome, Ga., for trustee.

ORDER

O'KELLEY, District Judge.

Hardy Vinson Fuller filed a debtor's petition in bankruptcy on March 8, 1972. Included within the schedule was a lawsuit, Civil Action No. 7795, captioned, Gary Reed Blackstock, b/n/f Boyd M. Blackstock v. Hardy Fuller. Default judgment had been entered on September 13, 1971, against bankrupt for $7521.00. Subsequent to the petition in bankruptcy and on May 15, 1972, Boyd Blackstock filed a second lawsuit, Civil Action No. 8316, in Gordon Superior Court, based on the same collision from which default judgment had been rendered. This action is apparently his individual claim. Thereafter, on May 23, 1972, the bankrupt moved to amend the schedule in the petition to include the second lawsuit, Civil Action No. 8316. Blackstock objected to the amendment; however, on January 15, 1973, the Referee entered an Order allowing the bankrupt's amendment to include the second civil suit.

On January 26, 1973, Blackstock filed a petition for review' of the Referee's Order allowing the bankrupt to amend his petition to include a civil lawsuit in negligence which was filed after the petition for bankruptcy. Blackstock asserts that the Referee erred in allowing an amendment to the petition to include a debt which was not provable.

The principle is well settled that a discharge in bankruptcy shall release a bankrupt from only those debts which

**478**

are provable.[1] The obvious question then becomes whether the debt as allowed to be added was provable. The Court finds in the negative. 11 U.S.C. § 103(a)(7) is dispositive:

> "(a) Debts of the bankrupt may be proved and allowed against his estate which are founded upon . . .
>
> > (7) the right to recover damages in *any action for negligence instituted prior to and pending at the time of the filing of the petition in bankruptcy.* . . ." [Emphasis added.]

A literal construction of that language would lead to the conclusion that an action in negligence, to be provable, would have to be filed prior to and still be pending at the institution of the bankruptcy petition. The second civil action filed, *sub judice*, does not so qualify. This particular language is dealt with by Collier's, and it is this reasoning to which the Court turns for its determination:

> "Clause (7) of § 63(a) now declares provable the mere 'right to recover damages' in a negligence suit. Yet this right, in order to be provable, must have been asserted in a particular manner and at a particular time. An action must have been instituted prior to the time of filing of the petition in bankruptcy . . . . It must still be pending when the petition in bankruptcy is filed."[2]

There is no other conclusion which can be reached from this excerpt. The Referee merely announced in his Order that the amendment was allowed without any explanation as to why such amendment was allowed. The second civil action was, therefore, not provable in accordance with § 103(a)(7), Title 11, U.S.C.A. The Court must reverse part (a) of the Referee's Order of January 15, 1973.

It is so ordered this 5th day of June, 1973.

[1]. 11 U.S.C. § 35(a).

[2]. 3A Collier on Bankruptcy, ¶63.29, p. 1909.