SPROUL v ANDERSON

1. PROCESS—PROCESS BY PUBLICATION—COURT RULE—MAILING RE-
QUIREMENTS—MINIMAL STANDARD.

    A court rule governing service of process by publication which
requires first class postage when mailing an order to answer is
a minimal standard and is not to be interpreted as forbidding a
party to use more reliable and expensive postal services should
he desire to do so (GCR 1963, 105.16, 106.3, 106.5).

2. PROCESS—AFFIDAVITS—SPECIFICITY—COURT RULE.

    An affidavit for order of publication which states where the
defendant will likely be located and that the plaintiff has
diligently sought the defendant within the state without suc-
cess, is not fatally defective although it falls short of the
specificity recommended by court rule (GCR 1963, 106.8).

Appeal from Washtenaw, John W. Conlin, J.
Submitted Division 2 October 15, 1974, at Lansing.
(Docket No. 18679.) Decided November 7, 1974.
Leave to appeal applied for.

Complaint by Nancy J. Sproul against Ann An-
derson to quiet title to land. Default judgment for
plaintiff. Defendant appeals. Affirmed.

*Kirby L. Wilson, III,* for plaintiff.

*Frazer & Freedenberg,* for defendant.

Before: HOLBROOK, P. J., and R. B. BURNS and
BEBEAU,* JJ.

REFERENCES FOR POINTS IN HEADNOTES
[1] 62 Am Jur 2d, Process §§ 109–129.
[2] 62 Am Jur 2d, Process §§ 112–118.
  * Circuit judge, sitting on the Court of Appeals by assignment.

R. B. BURNS, J. Plaintiff instituted this action to quiet title against defendant, a California resident.

Pursuant to GCR 1963, 106, plaintiff sought service of process by publication. An order to answer was sent to defendant by registered mail which she refused. Defendant was sent a notice of hearing on a motion for default judgment by certified mail which she also refused. A hearing was held on the motion, and a judgment quieting title was entered. Defendant twice filed motions requesting the trial court to vacate that judgment; she was denied relief both times. Now she appeals.

Defendant claims that the registered mailing of the order to answer was not in compliance with GCR 1963, 106.5 which she contends requires the exclusive use of first class mail. That section only requires first class postage as the minimal standard a plaintiff must satisfy. As GCR 1963, 106.3 and GCR 1963, 105.16 (a rule *in pari materia)* imply, GCR 1963, 106.5 is not to be interpreted as forbidding a party to use more reliable and expensive postal services should he desire to do so.

Defendant next contends that plaintiff's affidavit for order of publication is legally insufficient under GCR 1963, 106.1. *Felice v Felice,* 3 Mich App 421; 142 NW2d 883 (1966), is cited to support this contention. Plaintiff's affidavit is as follows:

"STATE OF MICHIGAN  ⎫
"COUNTY OF WAYNE   ⎬ SS
                   ⎭

"Nancy Jeanne Sproul, being first duly sworn, deposes and says:

"1. That she is the plaintiff in the above entitled cause.

"2. That plaintiff has made diligent search and inquiry and has been unable to ascertain in which city, state or country the said defendant is residing; plaintiff, however, believes that defendant resides at 1230–2nd St., Manhattan Beach, Calif., 90266. [Defendant's correct address.]

"3. That in order to prosecute this suit, an order of publication is necessary.

"Further deponent sayeth not."

While it is true that plaintiff's affidavit falls short of the specificity recommended in GCR 1963, 106.8, this does not mean it is fatally defective as was the one challenged in *Felice, supra.* Unlike the *Felice* affidavit, plaintiff's affidavit not only states where defendant will likely be located (which in itself could justify an order of publication since it is an out-of-state address), but it also states that plaintiff has diligently sought defendant within the state and failed to locate her. The *Felice* affidavit did not contain any of this information. Furthermore, there is no evidence that the trial court's order to answer was defective in any way. Though she refused it, defendant was provided adequate notice of the action against her. We find no error here.

We have reviewed defendant's claim of fraud and find no merit in it.

Affirmed. Costs to plaintiff.

All concurred.