CLAYTON v ANN ARBOR MOTOR INN, INC

Docket No. 78-2755. Submitted June 19, 1979, at Detroit.—Decided December 18, 1979. Leave to appeal applied for.

Plaintiff Robert Clayton, Jr., was a paying guest of defendant Ann Arbor Motor Inn, Inc., when he was burned by steam and hot water as he was trying to adjust the water temperature of the bathtub in his room. Prior to the accident defendant had filed for reorganization under Chapter 11 of the Bankruptcy Act. Shortly after the accident defendant was adjudged a bankrupt. Robert Clayton, Jr., and Frank A. McCourt, II, administrator of the estate of Robert Clayton, Sr., filed suit against defendant in the Washtenaw Circuit Court almost three years after the adjudication. Plaintiffs first tried to personally serve the resident agent for the defendant at the address filed with the state but were unsuccessful because the agent had no office at that address. Plaintiffs then personally served the summons and complaint upon the trustee in bankruptcy and sent a copy of each by certified mail to the bankrupt defendant's attorney. Plaintiffs obtained a default judgment against defendant and commenced a garnishment proceeding against the St. Paul Fire & Marine Insurance Company. Defendant moved to set aside the judgment for improper service. The court, Ross W. Campbell, J., denied the motion. Defendant appeals. *Held:*

1. Service of process may be effected upon a corporation by adherence to any one of the four alternatives set out in the court rule. The rule's registered mail requirement merely sets the minimum requirement as to method of service. The more expensive and reliable method of service, attempted personal service, is a permissible substitute for service by registered mail.

2. Service of process upon a trustee in bankruptcy of a

REFERENCES FOR POINTS IN HEADNOTES

[1-3, 5, 7, 8] 19 Am Jur 2d, Corporations §§ 1462-1466.

[1-3, 8] 62 Am Jur 2d, Process § 27.

[3, 4, 8] 19 Am Jur 2d, Corporations § 1471.

62 Am Jur 2d, Process §§ 69, 70, 73.

[6] 9 Am Jur 2d, Bankruptcy §§ 288 *et seq.,* 317.

corporation satisfies the court rule requirement of service upon a "trustee".

3. The Federal statute and bankruptcy rule which operate to stay suits provable in bankruptcy do not defeat a state court from obtaining subject matter jurisdiction in a suit filed against a defendant after an adjudication of bankruptcy because such a suit is not provable in bankruptcy.

Affirmed.

J. X. THEILER, J., dissented. He would hold that a trustee in bankruptcy is not a "trustee" contemplated by the court rule and that the court rule permitting service of process on a corporation by registered mail to its principal office should be strictly construed to require a mailing, and attempted personal service on the corporation at its principal office should not be construed as compliance.

## OPINION OF THE COURT

1. PROCESS — STATUTES — COURT RULES — CONSTRUCTION.

The statute and court rule providing methods for service of process upon corporations are remedial in nature and should be liberally construed (MCL 600.1920; MSA 27A.1920, GCR 1963, 105.4).

2. PROCESS — COURT RULES — CORPORATIONS.

Service of process may be effected upon a corporation by adherence to any one of the four alternatives set out in the court rule (GCR 1963, 105.4).

3. PROCESS — COURT RULES — METHOD OF SERVICE.

A court rule providing for service of process upon a corporation by registered mail to its principal office provides a minimum requirement with regard to the method of service and does not preclude a more reliable and expensive method; attempted personal service of a corporation at its principal office is sufficient to satisfy the requirement that process be served by registered mail addressed to that office (GCR 1963, 105.4[2]).

4. PROCESS — COURT RULES — RECEIPT OF PROCESS.

The court rule requiring that process be served upon a corporation by registered mail addressed to its principal office does not contemplate receipt by the corporation for valid service (GCR 1963, 105.4[2]).

5. PROCESS — COURT RULES — "TRUSTEE" — TRUSTEE IN BANKRUPTCY.

Service of process upon a trustee in bankruptcy of a corporation

satisfies the court rule requirement of service upon a "trustee" (GCR 1963, 105.4[2]).

6. Courts — Jurisdiction — Bankruptcy — Statutes.

The Federal statute and bankruptcy rule which operate to stay suits provable in bankruptcy do not defeat the state courts from obtaining subject matter jurisdiction in a suit filed against a defendant after an adjudication of bankruptcy (11 USC 29[a], Federal Rules of Bankruptcy 401[a]).

Dissent by J. X. Theiler, J.

7. Process — Court Rules — "Trustee" — Trustee in Bankruptcy.

*A trustee in bankruptcy is not a "trustee" within the court rule allowing service of process upon a corporation to be made upon a "trustee" (GCR 1963, 105.4[2]).*

8. Process — Court Rules — Construction — Registered Mail Requirement.

*The court rule permitting service of process on a corporation by registered mail to its principal office should be strictly construed to require a mailing, and attempted personal service on the corporation at its principal office should not be construed as compliance (GCR 1963, 105.4[2]).*

*Davis & Fajen,* for plaintiffs.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen* (by *D. J. Watters* and *Jeannette A. Paskin),* for defendant.

Before: N. J. Kaufman, P.J., and D. C. Riley and J. X. Theiler,* JJ.

Per Curiam. For the purpose of this appeal, the germane facts are not in dispute. On March 20, 1970, plaintiff, Robert Clayton, Jr., a paying guest at the Ann Arbor Motor Inn, allegedly sustained serious injuries when he entered the bathtub in his rented room and while trying to adjust the water temperature was severely burned.

Some nine months prior to the alleged incident,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the defendant Ann Arbor Motor Inn, Inc., a Michigan corporation, filed a petition for arrangement under Chapter 11 of the Bankruptcy Act. The purpose of Chapter 11 is to continue the business and try to settle its financial problems. However, it was not until June 30, 1970, approximately 100 days after this alleged incident, that an order for adjudication of bankruptcy was entered and a trustee in bankruptcy was later appointed.

Plaintiff commenced the present suit on March 1, 1973. In February of 1975, a default judgment was entered against the defendant hotel in the amount of $200,000. Defendant appeals, as of right, the order denying its motion to have the default judgment set aside. Both questions raised by the defendant in this appeal are jurisdictional.

Defendant argues that service of process on the trustee in bankruptcy for the defendant hotel and attempted personal service on defendant's principal office are not sufficient under GCR 1963, 105.4 to obtain personal jurisdiction over the defendant. This Court disagrees. Plaintiffs served defendant's trustee in bankruptcy in this case after their attempt to personally serve defendant at its principal office and defendant's resident agent revealed that neither retained an office at the address listed in defendant's annual report. Subsequent attempts to mail documents to the principal office also proved unsuccessful. Under the circumstances, the trial court was correct in finding that service of process was effected pursuant to GCR 1963, 105.4(2) by serving the trustee and by attempting to personally serve the principal office.

GCR 1963, 105.4 and the corresponding statute, MCL 600.1920; MSA 27A.1920, outline the methods for obtaining service of process on a corporation:

"Service of process upon a corporation, whether domestic or foreign, may be made by

"(1) leaving a summons and a copy of the complaint with any officer or the resident agent, or

"(2) leaving a summons and a copy of the complaint with any director, trustee, or person in charge of any office or business establishment and sending a summons and a copy of the complaint by registered mail, addressed to the principal office of the corporation, or

"(3) leaving a summons and a copy of the complaint with any of the persons who may have been the last presiding officer, president, cashier, secretary, or treasurer, in the case of any corporation which may have ceased to do business by failing to keep up its organization by the appointment of officers or otherwise, or whose term of existence may have expired by limitation, or

"(4) mailing a summons and a copy of the complaint by registered mail to the corporation or an appropriate corporation officer and to the Michigan Corporation and Securities Commission if:

"(a) the corporation has failed to appoint and maintain a resident agent or to file a certificate of such appointment as by law required; or

"(b) the corporation has failed to keep up its organization by the appointment of officers or otherwise or the term of whose existence has expired by limitation."

This Court rejects the argument that defendant's failure to appoint and maintain a resident agent made GCR 1963, 105.4(4) the only method of effecting valid service of process. The court rule and statute are remedial in nature and should be liberally construed. *Woods v Edgewater Amusement Park,* 381 Mich 559, 570; 165 NW2d 12 (1969). This Court has previously ruled that service of process may be effected by adherence to any one of the four alternatives in the court rule. *Fulton v Citizens Mutual Ins Co,* 62 Mich App 600, 606; 233 NW2d 820 (1975). Further, defendant has

failed to persuasively argue how service of process made pursuant to 105.4(4) would have been more likely to afford defendant notice of the action than service made pursuant to 105.4(2). Therefore, service of process on the defendant, effected in accordance with GCR 1963, 105.4(2) is considered sufficient under these circumstances, plaintiffs did not comply with that section because they did not send a copy of the summons and complaint by registered mail, as required. It is the opinion of this Court that the more expensive and reliable method of attempted personal service at defendant's corporate offices was sufficient to satisfy the requirement that the documents be mailed by registered mail to those offices. The court rule provides a minimum requirement with regard to service of process and does not preclude more reliable and expensive methods of service. See *Sproul v Anderson,* 56 Mich App 468; 224 NW2d 112 (1974). Defendant did not dispute plaintiffs' contention that there was no corporate office at the address in question and did not argue that service by registered mail would have provided it with more effective notice.

This Court also rejects the defendant's contention that a mailing to defendant's principal office must be received for service of process to be effected under GCR 1963, 105.4(2). The plain language of the rule makes it sufficient to send a copy of the summons and complaint by registered mail to the principal office. Unlike the cases cited by defendant, proof of receipt of the complaint was not contemplated by this rule.

The defendant's final argument with regard to service of process, that the trustee in bankruptcy was not a trustee within the meaning of GCR 1963, 105.4(2), is also rejected by this Court. GCR

1963, 105.4(2) specifically allows service to be made upon a trustee. In a case such as this one a plaintiff is attempting to obtain damages from the assets and insurance policies which remain in a corporation which has filed a petition in bankruptcy. The trustee in bankruptcy for such a corporation has a very great interest in protecting the remaining assets of the bankrupt corporation. The trustee's responsibility in that regard gives him as great an incentive as anyone, at that point in the life of a corporation, to see that the suit is defended and the assets preserved. The defendant has failed to demonstrate, both as a general rule and in this specific case, that a trustee in bankruptcy has an insufficient interest in protecting the corporate assets to be included in the category of trustee under GCR 1963, 105.4(2). Therefore, in keeping with the requirement that this court rule be liberally construed, we hold that a trustee in bankruptcy is a trustee within the meaning of GCR 1963, 105.4(2).

In addition to attacking the sufficiency of service of process in this case, the defendant argues that 11 USC 29(a) and Federal Rule of Bankruptcy 401(a) preclude the state from obtaining subject matter jurisdiction because defendant was adjudicated a bankrupt prior to the commencement of this suit. This contention is without merit. Both 11 USC 29(a) and Federal Rule of Bankruptcy 401(a) only operate to stay suits which are provable in bankruptcy. A suit filed subsequent to an adjudication in bankruptcy, as in this case, is not provable in bankruptcy. See *In re Fuller,* 359 F Supp 477, 477-478 (ND Ga, 1973); 11 USC 103(a)(7).

In accordance with the foregoing analysis, the order denying defendant's motion to have the default judgment set aside is affirmed.

J. X. THEILER, J. *(dissenting)*. I respectfully dissent. The majority determines that the rule[1] and statute[2] in referring to "trustee" means also "trustee in bankruptcy". The modifying phrase, "in bankruptcy", like the traditional modifier to "yankee", is such that the one should not be found without the other. Had the drafters of the rule and statute intended such a person to be the proper one to be served, they should have said so, specifically.

A trustee in bankruptcy is an arm of the court, not the bankrupt. Being a creation of Federal law, duties cannot be imposed on him by state action.

The statue and rule seek means of service that are "reasonably calculated to give him actual notice of the proceedings and an opportunity to be heard * * *". This is the standard used in GCR 1963, 105.8, whereby a court may authorize another form of service than that specified by other rules.

The result of service on a trustee in bankruptcy can easily be predicted. Having no obligation to give notice, having no personal interest in the bankrupt and the administration of the estate not being involved, it is no small wonder that nothing is done and notice dies aborning. As the majority recognizes, "[a] suit filed subsequent to an adjudication in bankruptcy, as in this case, is not provable in bankruptcy". Since the assets being administered are not affected, why is there any reasonable expectation that the trustee in bankruptcy would bother to forward notice to the real party in interest?

The majority further rule that noncompliance with the mailing requirement of GCR 1963,

---

[1] GCR 1963, 105.4(2).

[2] MCL 600.1920(2); MSA 27A.1920(2).

105.4(2) is excused and hold the requirement to provide notice by mail may be met by something "more expensive and reliable". It should be noted that the attempt to give such notice was totally ineffective; so in what way such attempt was better, I am at a loss to understand. A letter in hand may have been passed on, or so the rule and statute contemplated. Where jurisdiction and procedural due process are involved, compliance with the rule should be required. If liberality be indicated, it should not be in the ad hoc rewriting of the rule, but in the exercise of discretion as provided in GCR 1963, 105.8.