Beverly Ann BURNETT,
Plaintiff-Appellant,

v.

Allen MARTIN & Richard David Clark,
Defendants-Respondents.

No. WD 33296.

Missouri Court of Appeals,
Western District.

March 15, 1983.

James A. Rahm of Rahm & Rahm, Carrollton, for plaintiff-appellant.

David D. Lodwick, Excelsior Springs, for defendants-respondents.

Before PRITCHARD, P.J., and MANFORD and NUGENT, JJ.

MANFORD, Judge.

By order, the trial court entered judgment dismissing plaintiff's petition against one defendant on the basis that the defendants' discharge in bankruptcy barred any further proceeding against said defendant. The judgment of dismissal was designated final for purposes of appeal. The judgment is reversed and the cause remanded.

Disposition of this appeal does not reach the substantive issues of this suit, so a brief summary of the pertinent facts suffices.

On July 13, 1975, plaintiff-appellant was a passenger in an automobile being operated by defendant Allen Martin. The automobile overturned. Plaintiff sued Martin for damages, charging Martin with negligent operation of the automobile. Richard Clark was named a defendant, and it was alleged that he was negligent in entrusting Martin with the operation of the automobile. On December 29, 1977, defendant Clark filed a petition in bankruptcy. On March 1, 1978, Clark received a release of all dischargeable debts from the federal bankruptcy court. On July 11, 1980, plaintiff filed this action against both Clark and Martin. Clark filed a motion to dismiss plaintiff's petition as to him on the basis that plaintiff's claim as to him was discharged in bankruptcy. By its order judgment, the trial court sustained Clark's motion and on September 28, 1981, it dismissed plaintiff's petition. This appeal followed.

The federal Bankruptcy Act, more particularly 11 U.S.C.A., § 35(a), was re-enacted with change, effective October 1, 1979.[1] The parties do not dispute that the previous provision was effective and applicable to the instant proceedings. That section [11 U.S.C.A. § 35(a)] reads:

"(a) Debts not affected by discharge

A discharge in bankruptcy shall release a bankrupt from all of his provable debts..."

Plaintiff presents a sole point on this appeal, charging that the trial court erred in ordering dismissal of her petition as to defendant Clark because such ruling "is contrary to federal bankruptcy law which provides that tort claims not filed at the time of the bankruptcy petition are not discharged and such law is controlling in the case now before the appellate court."

There is no dispute between the parties that Clark, in filing his bankruptcy proceeding, listed plaintiff as a creditor, that plaintiff received notice of the bankruptcy, or that plaintiff received a copy of the final order of the bankruptcy court discharging defendant Clark from debts owed. The order signed by the bankruptcy judge reads as follows:

"2. Any judgment heretofore or hereafter obtained in any court other than this court is null and void as a determination of the personal liability of the said bankrupt with respect to any of the following: (a) debts dischargeable under § 17a and b of the Bankruptcy Act; (b) unless heretofore or hereafter determined by order of this court to be nondischargeable, debts alleged to be excepted from discharge under clauses (2) and (4) of § 17a of the Act; (c) unless heretofore or hereafter determined by order of this court to be nondischargeable, debts alleged to be excepted from discharge under clause (8) of § 17a of the Act, except those debts on

1. For note regarding effective date of New Bankruptcy Act, see 8B C.J.S. 3 § 559 (1982) wherein it is stated, "It should be noted that a new Bankruptcy Act was adopted in 1978, generally effective October 1, 1979. While the new Act repeals the former Bankruptcy Act, and also amends various other statutes as well as certain provisions of the Federal Rules of Evidence, the former Bankruptcy Act will continue to apply both procedurally and substantively to all cases filed before October 1, 1979."

which there was an action pending on the date when the petition was filed as specified above in which a right to jury trial existed and a party has made a timely demand therefor or has submitted to this court a signed statement of Intention to make such a demand; (d) debts determined by this court to be discharged under § 17c(3) of the Act.

3. All creditors whose debts are discharged by this order and all creditors whose judgments are declared null and void by paragraph 2 above are enjoined from instituting or continuing any action or employing any process to collect such debts as personal liabilities of the bankrupt whose name is marked on the above list."

Upon the foregoing language, defendant Clark asserts that by said order, plaintiff is enjoined and restrained from the commencement or continuation of any action or from employing any process to collect against him because such claim is a debt as a liability of Clark as a bankrupt.

Plaintiff meets the defendant's contention by citing to this court *In Re Fuller,* 359 F.Supp. 477 (N.D.Ga.1973), which rules that plaintiff's action was not barred because it was not filed until July 11, 1980, was not a provable claim (11 U.S.C.A. § 35), and hence was not dischargeable pursuant to the bankruptcy court order of March 1, 1978. The pertinent portion of the court's opinion in Fuller is found at 477–478 and reads:

"The principle is well settled that a discharge in bankruptcy shall release a bankrupt from only those debts which are provable. The obvious question then becomes whether the debt as allowed to be added was provable. The Court finds in the negative. 11 U.S.C. § 103(a)(7) is dispositive:

'(a) Debts of the bankrupt may be proved and allowed against his estate which are founded upon . . .

(7) the right to recover damages in *any action for negligence instituted prior to* *and pending at the time of the filing of the petition in bankruptcy . . .'* [Emphasis added in text]

*"A literal construction of that language would lead to the conclusion that an action in negligence, to be provable, would have to be filed prior to and still be pending at the institution of the bankruptcy petition.* The second civil action filed, *sub judice,* does not so qualify. This particular language is dealt with by Collier's, and it is this reasoning to which the Court turns for its determination:

'Clause (7) of § 63(a) now declares provable the mere "right to recover damages" in a negligence suit. Yet this right, in order to be provable, must have been asserted in a particular manner and at a particular time. An action must have been instituted prior to the time of filing of the petition in bankruptcy . . . It must still be pending when the petition in bankruptcy is filed.'

There is no other conclusion which can be reached from this excerpt. The Referee merely announced in his Order that the amendment was allowed without any explanation as to why such amendment was allowed. The second civil action was, therefore, not provable in accordance with § 103(a)(7), Title 11, U.S.C.A. The Court must reverse part (a) of the Referee's Order of January 15, 1973." (Emphasis added)

Defendant confronts the rule in *Fuller* by citing *A. Musto Co., Inc. v. Satran,* 477 F.Supp. 1172 (D.Mass.1979), which declares that final orders of bankruptcy courts are res judicata of all matters that were or could have been liquidated before the bankruptcy court. In addition, the defendant attempts to distinguish *Fuller,* pointing out that *Fuller* involved a petition for review of the order of the bankruptcy referee and was filed in "the proper jurisdiction," the federal court. The defendant argues pointedly that plaintiff herein did not file a petition for review, any objection to the defendant's discharge, or any petition to

have her claim declared nondischargeable in bankruptcy court.

■ As a general proposition, negligence actions, as opposed to intentional torts, are claims provable under the federal bankruptcy act. *Matter of Dardar,* 620 F.2d 39 (5th Cir.1980) and *Vickers v. Home Indem. Co., Inc.,* 546 F.2d 1149 (5th Cir.1977). However, it does not follow that from that general proposition the claim of plaintiff, under the particular facts and circumstances of the instant case, is barred by defendant's bankruptcy proceedings. Research has disclosed that the most recent pronouncement on this question has been by our sister state Michigan. In the case of *Clayton v. Ann Arbor Motor Inn, Inc.,* 94 Mich.App. 370, 288 N.W.2d 432 (1979), a plaintiff brought a personal injury suit against defendant corporation after the defendant had filed its petition for a Chapter XI arrangement under the federal bankruptcy act and had been adjudicated bankrupt. A default judgment was entered against the defendant corporation. The court refused to set aside the default judgment on the corporation's motion and ruled:

> "In addition to attacking the sufficiency of service of process in this case, the defendant argues that 11 U.S.C. § 29(a) and Federal Rule of Bankruptcy 401(a) preclude the state from obtaining subject matter jurisdiction because defendant was adjudicated a bankrupt prior to the commencement of this suit. This contention is without merit. Both 11 U.S.C. § 29(a) and Federal Rule of Bankruptcy 401(a) only operate to stay suits which are provable in bankruptcy. A suit filed subsequent to an adjudication in bankruptcy, as in this case, is not provable in bankruptcy. See *In re Fuller,* 359 F.Supp. 477, 477–478 (N.D.Ga.1973); 11 U.S.C. § 103(a)(7)." (*Clayton* at 288 N.W.2d 435)

This court finds the rules announced in *Fuller* and *Clayton* both persuasive and dispositive of the instant appeal.

■ The trial court erred in ordering dismissal of plaintiff's petition on the basis that plaintiff's claim was barred by the order of discharge granted defendant in his bankruptcy proceedings.

For the reasons set forth herein, the judgment is reversed and this cause is remanded for further proceedings.

All concur.