BUNNER v BLOW-RITE INSULATION COMPANY

Docket No. 92425. Submitted May 11, 1987, at Detroit. Decided
September 8, 1987.

Alvinza and Shirley Bunner brought an action in Wayne Circuit
Court against Blow-Rite Insulation Company, Rapco-Foam, Inc.,
and others. Plaintiffs alleged personal injury and property
damage from the manufacture and use of ureaformaldehyde
foam insulation. Defendant Rapco had ceased doing business
and was involved in bankruptcy proceedings at the time plain-
tiffs filed their action, with a trustee having been appointed
some three years earlier. Plaintiffs served a summons and a
copy of the complaint on Rapco's bankruptcy trustee by regis-
tered mail and sent a summons and a copy of the complaint to
the Michigan Corporation and Securities Bureau. A law firm
subsequently filed in the trial court a notice of retention
indicating that it had been retained to represent Rapco's inter-
est. Rapco moved to quash service of process, and the trial
court, Thomas J. Brennan, J., granted the motion and dis-
missed the action as to Rapco. Plaintiffs appealed.

The Court of Appeals held:

1. Service of process may be effected upon a corporation that
has ceased doing business and has filed a petition in bank-
ruptcy for liquidation or reorganization by adherence to MCR
2.105(D)(2),(3) or (4).

2. Service of process upon a trustee in bankruptcy of a
corporation satisfies the requirement of service upon a
"trustee" under MCR 2.105(D)(2).

3. While it is not clear whether plaintiffs had strictly adhered
to the requirements of MCR 2.105(D)(2) and (4) when serving
Rapco's bankruptcy trustee and sending a summons and a copy
of the complaint to the Corporation and Securities Bureau, the

REFERENCES

Am Jur 2d, Corporations §§ 2192 et seq.

Am Jur 2d, Process §§ 27 et seq.

Service of process by publication in involuntary bankruptcy pro-
ceeding. 83 ALR2d 703.

See also the annotations in the Index to Annotations under Process
and Service of Process and Papers.

trial court erred in quashing service and dismissing the action in view of the fact that Rapco was made aware of plaintiffs' action within the time provided for service.

Reversed and remanded.

1. PROCESS — COURT RULES — CORPORATIONS.

Service of process may be effected upon a corporation that has ceased doing business and has filed a petition in bankruptcy for liquidation or reorganization by adherence to the second, third or fourth alternative set out in a court rule (MCR 2.105[D][2],[3] or [4]).

2. PROCESS — COURT RULES — CORPORATIONS — TRUSTEE IN BANK-RUPTCY.

Service of process upon a trustee in bankruptcy of a corporation satisfies the court-rule requirement of service upon a trustee (MCR 2.105[D][2]).

3. PROCESS — SERVICE OF PROCESS — DUE PROCESS.

Service-of-process rules are intended to satisfy the due process requirement that a defendant be informed of the pendency of an action by the best means available, by methods reasonably calculated to give a defendant actual notice of the proceeding and an opportunity to be heard and to present objections or defenses.

4. PROCESS — SERVICE OF PROCESS — IMPROPER SERVICE — COURT RULES.

An action shall not be dismissed for improper service of process unless the service failed to inform the defendant of the action within the time provided for service; where a defendant actually receives a summons and a copy of the complaint within the permitted time, he cannot have the action dismissed on the ground that the manner of service contravenes the rules (MCR 2.105[J][3]).

*Dykhouse & Wise, P.C.* (by *Andrew S. Walker*), for plaintiffs.

*Wilson, Portnoy, Leader, Pidgeon & Roth, P.C.* (by *Robert P. Roth*), for Rapco-Foam, Inc.

Before: D. F. WALSH, P.J., and SHEPHERD and DOCTOROFF, JJ.

SHEPHERD, J. Plaintiffs sued several defendants

on July 1, 1985, including defendant Rapco-Foam, Inc., alleging personal injury and property damage from the manufacture and use of urea formaldehyde foam insulation. At the time, Rapco was involved in Chapter 7 bankruptcy proceedings. Ralph C. McCullough II was appointed bankruptcy trustee on June 25, 1982. Since at least that time, Rapco has ceased to do business and has appointed no officers or directors.

Plaintiffs made substantial but unsuccessful attempts to locate Rapco's former officers and directors. Rapco had not occupied its last known address in New York City for more than four years as of September, 1986. McCullough's only relationship with Rapco has been as bankruptcy trustee. He is in possession of all of Rapco's books and official papers, however. Plaintiffs served McCullough by registered mail on September 6, 1985. The Michigan Corporations and Securities Bureau was also served by mail at the same time. The law firm for which McCullough was "of counsel" forwarded the summons and complaint to Fireman's Insurance Company of Newark on September 12, 1985. The law firm of Wilson, Portnoy, Leader, Pigeon & Roth, P.C., filed a "notice of retention" on October 10, 1985, indicating that it had been retained to represent Rapco's interest in this matter.

Rapco moved to quash service of process on February 5, 1986. The trial court granted the motion and dismissed the action against Rapco without prejudice in an order entered April 18, 1986. We reverse.

MCR 2.105(D) provides for service of process upon corporations:

(D) Private Corporations, Domestic and Foreign.

Service of process on a domestic or foreign corporation may be made by

   (1) serving a summons and a copy of the complaint on an officer or the resident agent;

   (2) serving a summons and a copy of the complaint on a director, trustee, or person in charge of an office or business establishment of the corporation and sending a summons and a copy of the complaint by registered mail, addressed to the principal office of the corporation;

   (3) serving a summons and a copy of the complaint on the last presiding officer, president, cashier, secretary, or treasurer of a corporation that has ceased to do business by failing to keep up its organization by the appointment of officers or otherwise, or whose term of existence has expired;

   (4) sending a summons and a copy of the complaint by registered mail to the corporation or an appropriate corporation officer and to the Michigan Corporation and Securities Bureau if

   (a) the corporation has failed to appoint and maintain a resident agent or to file a certificate of that appointment as required by law;

   (b) the corporation has failed to keep up its organization by the appointment of officers or otherwise; or

   (c) the corporation's term of existence has expired.

This Court has previously held with regard to nearly identical GCR 1963, 105.4 that service of process may be made by following any one of the four alternatives in the court rule. *Clayton v Ann Arbor Motor Inn, Inc,* 94 Mich App 370, 374; 288 NW2d 432 (1979), lv den 410 Mich 886 (1981).

Rapco maintains that service on a defunct organization may be made only through subrule (3). This view is contradicted by the commentary in 1 Martin, Dean & Webster, Michigan Court Rules Practice (3d ed), p 97, which recognizes that subrules (2) and (4) may also be used for serving

corporations in bankruptcy. In fact, this Court held in *Clayton, supra* at 376, that the term "trustee" in subrule (2) includes a bankruptcy trustee, permitting service on the bankruptcy trustee as in this case. Rapco attempts to distinguish *Clayton* as involving a Chapter 11 reorganization rather than a Chapter 7 liquidation.

For purposes of receiving process, we are not convinced that this distinction is important as in both situations the trustee is involved in settling the corporation's financial affairs, which may include pending lawsuits in certain circumstances. In the case of a Chapter 7 liquidation proceeding, the corporation, its officers, and directors may have ceased to function and the trustee may be the only person still acting for the corporation. Such is alleged here.

It is not clear, however, despite service on the trustee, that plaintiffs complied with the remainder of subrule (2) by mailing a copy of the summons and complaint to Rapco's principal office. It is also not clear whether plaintiffs complied fully with subrule (4) by sending a copy of the summons and complaint "to the corporation or an appropriate corporate officer," unless we conclude that the trustee is effectively the corporation now that it has ceased to operate.

Despite these alleged defects in service of process, however, we believe the trial court erred in dismissing the case. A new provision in the 1985 court rules, MCR 2.105(J)(3), provides:

> An action shall not be dismissed for improper service of process unless the service failed to inform the defendant of the action within the time provided in these rules for service.

This Court has held that service-of-process rules

are intended to satisfy the due process requirement that a defendant be informed of the pendency of an action by the best means available, by methods reasonably calculated to give a defendant actual notice of the proceeding and an opportunity to be heard and to present objections or defenses. If the defendant actually receives a copy of the summons and complaint within the time permitted by the court rules, the defendant cannot have the action dismissed on the ground that the manner of service contravened the rules. *Hill v Frawley*, 155 Mich App 611, 613; 400 NW2d 328 (1986). MCR 2.105(J)(3) is not stated in discretionary terms. Neither errors in the content of the service nor in the manner of service are to result in dismissal unless the errors are so serious as to cause the process to fail in its fundamental purpose. See 1 Martin, Dean & Webster, Michigan Court Rules Practice (3d ed), p 105.

While the exact nature of Rapco's current existence is somewhat unclear, it is clear in this case that Rapco is aware of the pending action. Service on the trustee is undisputed. At the hearing on the motion to quash, Robert Roth stated that he was appearing on behalf of Rapco, not an insurance company. Accordingly, the trial court erred in quashing service and dismissing Rapco when Rapco was fully aware of the pending action despite any errors in the manner of service.

Reversed and remanded for further proceedings.