NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0095n.06

Case No. 20-1639

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

FILED
Feb 19, 2021
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| MATI LEEAL, *et al.*, | ) | |
| | ) | |
| *Plaintiffs-Appellants,* | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| DITECH FINANCIAL, LLC, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| *Defendant-Appellee.* | ) | **OPINION** |
| | ) | |
| | ) | |

**BEFORE: WHITE, LARSEN, and NALBANDIAN, Circuit Judges.**

**NALBANDIAN, Circuit Judge.** Plaintiffs, the Leeals, hoped that a state court judgment would relieve them of their mortgage payments. And it might have, if they had sued the right parties. But when they stopped making mortgage payments, Defendant Ditech began foreclosing on the mortgage. And the prior state court default judgment purporting to void their mortgage could not stop the foreclosure because Ditech had not been a party in the state court. As a result, the district court granted Ditech's summary judgment motion because the state court judgment did not bind the parties in this case. The Leeals make no argument that supports reversal, so we **AFFIRM**.

**I.**

Mati and Malka Leeal took out a $301,000 mortgage loan from ABN AMRO, an assumed name for CitiMortgage (CMI). Later, the Federal National Mortgage Association ("Fannie Mae") bought the mortgage from CMI, and Green Tree Servicing, LLC bought the servicing rights. So the Leeals started sending Green Tree their mortgage payments and directing discussion about the loan to Green Tree's customer service.

But a year later, the Leeals filed an action for declaratory judgment in state court, alleging that the mortgage note was void. They named only ABN AMRO and CMI as defendants, not Fannie Mae or Green Tree. The Leeals continued paying Green Tree, which had no inkling of the pending action. And when Green Tree merged into Ditech, the Leeals started paying Ditech. They did not notify Fannie Mae or Green Tree of the action until it was over.

Having no interest in the Leeals' case, CMI and ABN AMRO never appeared. So the state court issued a default judgment declaring the mortgage loan void. The Leeals stopped paying. Ditech notified the Leeals of their default on the remaining $299,980 balance and later began foreclosure. The Leeals responded with a second state action, this one asking the state to block the foreclosure because of the previous state court judgment. The state court issued a temporary restraining order. And Ditech removed the case to federal court.

The district court first required Ditech to file a motion in state court to set aside, vacate, or otherwise obtain relief from the default judgment. But the state court

denied it as untimely. Back in federal court again, Ditech filed an answer, a counter-complaint, and a motion for summary judgment based on *res judicata* and collateral estoppel—without avail. Finally, the district court granted Ditech's second summary judgment motion, which argued that the state court default judgment did not bind Ditech or Fannie Mae because they were not parties to the action.

The district court noted that, because the Leeals sought to determine their own personal obligations to CMI and ABN AMRO and did not name the property as a party, their state action was *in personam*. An *in personam* action, the court added, determines only "personal rights and obligations." (R. 55, Dist. Ct. Op., Page 12 (quoting *Int'l Typographical Union v. Macomb County*, 11 N.W.2d 242, 247 (Mich. 1943).) And it cited the principle that *in personam* judgments do not bind anyone who was not a party to the action, in part because of the serious due process concerns that would result. So the state court judgment made the mortgage loan "void" only between the Leeals and the companies ABN AMRO and CMI. Without disturbing the state court's judgment, the district court held that it did not bind Ditech. The Leeals appealed.[1]

## II.

We review summary judgment grants de novo, viewing the evidence in the light most favorable to the non-movant and affirming only if there is no genuine issue

---

[1] Although the district court reserved the issue of attorneys' fees, that does not affect the finality of the judgment for appeal purposes. *See Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003)

of material fact. *Am. Council of Certified Podiatric Physicians & Surgeons v. Am. Bd. of Podiatric Surgery, Inc.*, 323 F.3d 366, 369–70 (6th Cir. 2003); FED. R. CIV. P. 56(a).

The Leeals raise four arguments that the district court erred. None are persuasive. First, they note that the district court based its ruling on the fact that the Leeals had sued the wrong people in state court. They say that this conclusion conflicts with the state court's default judgment, quoting it in its entirety. But they do not provide any explanation for how the two conflict.[2] And they cite no legal authority. "It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) (quoting *Citizens Awareness Network, Inc. v. U.S. Nuclear Regulatory Comm'n*, 59 F.3d 284, 293–94 (1st Cir. 1995) (ellipsis removed)). Because the Leeals gave no "effort at developed argumentation," this issue is waived. *Id.* at 995.

The Leeals then argue that Michigan law prevents the district court from setting aside the default judgment. This argument is misguided in two ways. First, the district court did not set aside the default judgment, but rather clarified that it does not apply to non-parties. Second, the Leeals cite cases that describe the standard that Michigan appeals courts apply when reviewing default judgments on direct

---

[2] Even the text of the order that the brief quotes reflects that the state court judgment determined only the legal rights between the Leeals and the defendants listed in the state court action: "[T]here is no legal basis documented or otherwise which requires Plaintiff to make any payments to Defendants CitiMorgage, Inc. or Defendant Abn Amro Mortgage . . . ." (Appellant's Br. at 14. (quoting R. 5-10, Default Judgment and Order, Page 3).)

appeal. Since the district court was not reviewing the state court's judgment, but rather determining who it bound, these authorities are irrelevant.

The Leeals next state that Ditech does not have the "good cause" and "meritorious defense" necessary to set aside the default judgment. And they argue that Ditech has not shown "mistake, inadvertence, surprise, or excusable neglect" or any other reason to merit relief from the default judgment. These arguments again disregard the district court's ruling: the default judgment stands, but it only binds the parties that were before the court.

Finally, the Leeals dispute the district court's notation that Ditech had received no service or notice of the state court lawsuit when it was commenced. The Leeals respond that they sent Ditech a copy of the "Judgment" after the state court entered it. But service of process must happen *before* the case ends to provide an "opportunity to be heard and to present objections or defenses." *Bunner v. Blow-Rite Insulation Co.*, 413 N.W.2d 474, 476 (Mich. Ct. App. 1987). That is why the Michigan court rule the Leeals cite requires that service be timely, Mich. Ct. R. 2.105(J)(3), which means that the plaintiff must have served the summons on the defendant within ninety-one days after the clerk issued it. *Id.* at 2.102(D), (E)(1). The Leeals do not allege that they timely served Ditech with a summons. They allege that they mailed a copy of the judgment more than 130 days after they filed their action and after it was too late to respond. That is not service of process.

## III.

None of the arguments the Leeals proffer show that they are entitled to relief.

We **AFFIRM**.