## FRANK v. BROWN.

REPLEVIN—JUDGMENT FOR VALUE—FAILURE TO RETURN WRIT.
Where plaintiff in replevin in justice's court fails to appear on the return day, and the officer refuses to make a return of the writ, defendant may show the delivery of the goods to plaintiff, and their value, and, if he so elects, may take judgment for the value, under 2 How. Stat. §§ 8346, 8347, instead of for a return of the goods.

Error to St. Clair; Vance, J. Submitted January 26, 1899. Decided April 4, 1899.

Replevin by Nellie Frank against Delemere Brown. From a judgment for defendant, plaintiff brings error. Affirmed.

*John B. McIlwain* and *Frank Whipple*, for appellant.

*Harvey Tappan* and *Avery Bros. & Walsh*, for appellee.

MOORE, J. The plaintiff commenced a suit by replevin in justice's court. Such proceedings were had therein that judgment was rendered in favor of the defendant for the value of the property replevied. The plaintiff removed the case to the circuit court by writ of *certiorari*. The judgment in the justice's court was affirmed. The case is brought here by the plaintiff.

The two grounds of error discussed in plaintiff's brief are:

*First.* The justice had no jurisdiction to render a judgment in said cause until the officer made a return.

*Second.* The justice had no jurisdiction to render a judgment for value until there was a return showing that the property had been delivered to plaintiff.

The justice made two returns to the writ of *certiorari*.

It was thought that they were inconsistent with each other. By consent of counsel for both parties, made in open court, the justice was subpœnaed to appear in court with his docket and files, including his minutes taken at the trial, to be examined in open court, and his testimony to be treated as a part of his return. The record, including the examination of the justice as to what was done on the return day of the writ, is not as clear as could be wished. It does appear, however, that plaintiff filed an affidavit and bond, and that a writ of replevin was issued, returnable May 3d, at 10 a. m., which writ was delivered to a deputy sheriff. May 3d, at 11 a. m., the case was called. No return was made by the officer, he refusing to make a return, and there was no appearance by plaintiff. The defendant appeared, and asked to have writ quashed, for the reason that, after waiting one hour after the time fixed for the return of the writ, the plaintiff had not appeared, and because there was no return by the officer of the writ. The court refused to quash the writ, but, upon his own motion, held the court open until 1 o'clock, at which time the plaintiff appeared by her attorney. The court then dismissed the proceeding, and entered a judgment of nonsuit. The defendant waived a return of the property. Proof was given that it had been delivered to plaintiff, and of its value, and judgment was rendered in favor of defendant.

In *Harbour* v. *Eldred*, 107 Mich. 95, it was held, in a replevin case, that the justice cannot, upon his own motion, adjourn a case, without the return of the writ, to enable the plaintiff to secure its return. ·It is insisted by the plaintiff that the court has no jurisdiction to render a judgment until the return is made; and she cites some authorities. The authorities cited are to the effect· that the justice cannot render a judgment in favor of the plaintiff until the writ is returned, showing a valid service, unless the defendant has appeared voluntarily; and that is undoubtedly the law. This case, however, is unlike those. The issue in a replevin case is, Who is entitled to

the possession of the property? When this suit was commenced, the property was in the possession of the defendant, and, whether he was the owner or not, he might maintain the possession against a trespasser. By means of a proceeding instituted by plaintiff, the property is taken from the possession of defendant. If that proceeding fails, the defendant has a right to have the property returned, or he may assert the right given him under the statute (2 How. Stat. §§ 8346, 8347),—to waive its return, and have a judgment for its value.

It is said that, unless the return of the officer shows he took the property and delivered it to the plaintiff, there can be no waiver, and no judgment for damages. That is not the language of the statute, and is not the construction which has been given to it. In *Johnson* v. *Dick*, 69 Mich. 108, the property was seized, but there was no proper service upon defendant, and for that reason the case was dismissed. It was held that the defendant might waive a return, and have his damages assessed. See cases there cited; also, *Soper* v. *Hawkins*, 56 Mich. 527; *Humphrey* v. *Bayn*, 45 Mich. 565; *McCabe* v. *Loonsfoot, ante*, 323.

Judgment is affirmed.

The other Justices concurred.