MINTZ *v.* LADENDORF.

1. PROCESS — JURISDICTION — STATUTE AUTHORIZING SUBSTITUTED SERVICE MUST BE STRICTLY COMPLIED WITH.

 3 Comp. Laws 1915, §§ 14186, 14189, authorizing substituted service of process, must be strictly complied with in order to confer jurisdiction on court.

2. JUSTICES OF PEACE—JURISDICTION MUST AFFIRMATIVELY APPEAR —PROCESS.

 Jurisdiction of justice of peace must affirmatively appear, and without valid service of writ or appearance by defendant, justice has no jurisdiction to proceed to judgment.

3. SAME—PROCESS—JURISDICTION—SUBSTITUTED SERVICE.

 Where, in action before justice of peace, there was no personal service, but summons was left at defendant's last place of abode (3 Comp. Laws 1915, § 14186), and defendant did not appear, and no attachment against him was had in continuation of suit (section 14189), the justice did not acquire jurisdiction of defendant, and judgment rendered was void.

Error to Oakland; Gillespie (Glenn C.), J. Submitted June 19, 1929. (Docket No. 147, Calendar No. 34,150.) Decided July 8, 1929.

Garnishment proceedings by Samuel Mintz against C. B. Ladendorf, principal defendant, and Village of Clawson, a municipal corporation, garnishee defendant, on judgment in assumpsit in justice's court. From an order granting motion to quash garnishment proceedings, plaintiff brings error. Affirmed.

*Melvin E. Fink* (*Paul J. Wieselberg,* of counsel), for plaintiff.

*Brakie J. Orr,* for defendant.

POTTER, J. Plaintiff sued defendant in assumpsit in justice's court. The summons issued was re-

turned unserved. An *alias* summons was issued and returned with proof of inability to find defendant within the jurisdiction of the court and of substituted service by leaving a copy of the summons at defendant's last place of abode within the county, in the presence of a member of defendant's family of suitable age and discretion, who was informed of its contents. Defendant did not appear before the justice of the peace on the return day of the *alias* summons, and after waiting one hour, the case was called by the justice and judgment rendered for plaintiff against defendant, which judgment has not been paid. Later a transcript of this judgment was taken from the justice's court and filed in the circuit court for Oakland county, and a writ of garnishment issued to the village of Clawson. The garnishee defendant disclosed indebtedness to various persons, including the principal defendant. Defendant moved to quash the garnishment proceedings because there was no valid judgment against him, which motion was granted, and plaintiff brings error.

The question involved is whether a personal judgment rendered by a justice of the peace against a resident defendant, based upon a return of service of the summons upon the defendant by leaving a copy thereof at defendant's last place of abode in the presence of some one of the family of suitable age and discretion who is informed of its contents, is a valid judgment.

Defendant contends that personal service under the circumstances is essential to a personal judgment. 3 Comp. Laws 1915, § 14186, provides for the issuance of a summons and the service thereof upon the defendant by delivering to him a copy thereof. If defendant shall not be found, such summons shall be served by leaving a copy thereof at the defendant's

last place of abode in the presence of some one of the family of suitable age and discretion who shall be informed of its contents. 3 Comp. Laws 1915, § 14189, provides if it appear by the return that the summons was not personally served and defendant shall not appear on the return day thereof the plaintiff may thereupon take out a new summons against defendant in continuation of his suit; and if such summons be returned that the defendant cannot be found, after diligent inquiry, the plaintiff may, in further continuance of his suit, have an attachment against the defendant.

The statute authorizing substituted service of process must be strictly complied with in order to confer jurisdiction upon the court. *Campau* v. *Charbeneau*, 105 Mich. 422. The jurisdiction of the justice must affirmatively appear. Without a valid service of the writ or an appearance by defendant, he has no jurisdiction to proceed to judgment. *Vliet* v. *Westenhaver*, 42 Mich. 593; *Harbour* v. *Eldred*, 107 Mich. 95; *Frank* v. *Brown*, 119 Mich. 631.

Manifestly, a judgment based upon a return which does not show a valid service would be void, and all proceedings in a case where there has not been a valid service are null. *Harbour* v. *Eldred, supra.*

In this case there was no personal service upon the defendant. There was no appearance by the defendant. There was no attachment issued in further continuance of plaintiff's suit. The justice did not acquire jurisdiction of defendant. The judgment rendered by him was void. The question of its validity was properly raised and properly disposed of by the trial court.

Judgment affirmed, with costs.

North, C. J., and Fead, Fellows, Wiest, Clark, McDonald, and Sharpe, JJ., concurred.