KERCHIEFF *v.* COPENING.

1. JUDGMENT—JUSTICES OF THE PEACE—TRANSCRIPT—CIRCUIT COURT.
   The judgment of a justice of the peace which has been docketed
   in the circuit court upon receipt of the transcript thereof be-
   comes a circuit court judgment for purpose of enforcement and
   of remedies (CL 1948, §§ 671.10, 671.11).

2. PROCESS—JURISDICTION—SUBSTITUTED SERVICE.
   Statute authorizing substituted service of process must be strictly
   complied with in order to confer jurisdiction upon the court
   (CL 1948, § 667.9).

3. JUSTICES OF THE PEACE—JURISDICTION—PROCESS.
   Jurisdiction of a justice of the peace must affirmatively appear,
   and without a valid service of the writ or an appearance by
   the defendant, the justice is without jurisdiction to proceed
   to judgment (CL 1948, § 667.9).

4. SAME—COMMON PLEAS COURT—JURISDICTION—JUDGMENT.
   A judgment of a judge of the common pleas court of Detroit,
   which fails to show that the officer made diligent search and
   inquiry to effect personal service upon defendant, which fails
   to show that the summons was left at defendant's abode, or its
   contents read to the person served, shows on its face that the
   court had no jurisdiction to render a judgment against de-
   fendant and judgment rendered was void (CL 1948, § 667.9).

Appeal from Wayne; Brennan (John V.), J. Sub-
mitted October 7, 1952. (Docket No. 1, Calendar No.
45,471.) Decided December 9, 1952.

REFERENCES FOR POINTS IN HEADNOTES

[1] 31 Am Jur, Justices of the Peace § 89.
[2, 4] 42 Am Jur, Process § 66.
[3] 31 Am Jur, Justices of the Peace § 61.
[4] 31 Am Jur, Judgments § 409.

Action in Common Pleas Court of the City of Detroit by Gancho G. Kerchieff against Roy L. Copening. Judgment removed to Circuit Court by transcript. On motion to vacate transcripted judgment. Motion denied. Defendant appeals. Reversed.

*Arthur P. Zirkaloso,* for plaintiff.

*Sidney J. White,* for defendant.

SHARPE, J. This case involves the validity of a judgment taken in the common pleas court in the city of Detroit, on March 25, 1948. The facts have been stipulated and in substance are as follows: On November 19, 1947, plaintiff, Gancho G. Kerchieff, began an action in assumpsit in the common pleas court of Detroit against defendant, Roy L. Copening. Summons was issued and returned unserved. Alias and pluries summonses were issued and returned unserved. The docket of the common pleas court shows the following:

"2–10–48 Pluries summons in assumpsit and statement of claim issued, in hands of bailiff Quinn, returnable on or before 3–8–48. Pluries summons and statement of claim returned served by Quinn Bailiff on Mrs. Coppening (sister in law 2–17–48." [*sic*]

"Defendant Roy L. Copening not appearing before 4 o'clock p.m. of the return date of writ served upon sister-in-law is in default. 3–8–48."

"3–12–48 A. J. Zirkalos sworn for the plaintiff. Case adjourned to 3–25–48 for cause shown under oath."

"March 25/48 Gancho Kerchieff sworn for the plaintiff proves his authority to appear. Defendant did not appear."

On March 25, 1948, judgment was rendered in favor of plaintiff, Gancho G. Kerchieff, for $1,500 and $3.50 costs.

On November 20, 1950, a transcript of the common pleas court proceedings was issued and filed in the circuit court for Wayne county, and a writ of garnishment was issued and directed to the River Rouge Savings Bank, which disclosed an indebtedness to defendant, Roy L. Copening, in the amount of $112.89. On December 26, 1950, defendant filed a motion to quash the writ of garnishment. This motion was denied February 2, 1951. Defendant filed a motion to quash and set aside the transcripted judgment for the following reasons:

"1. That the common pleas court had no jurisdiction over the defendant to render judgment because:
"a. There was no personal service of process on the defendant.
"b. There was no substituted service of process on the defendant in accordance with the statute governing such matters.
"c. On March 25, 1948, the court had lost jurisdiction to render judgment on the defendant.
"d. No declaration was served with the summons as is required by statute."

On June 18, 1951, defendant filed an affidavit of merits and good faith, wherein he stated that he was never served with process from the common pleas court; that no one ever informed him that such an action had been started or that a judgment had been taken against him; and that he had a good and meritorious defense to the claim of plaintiff. On February 27, 1952, the trial court denied defendant's motion to vacate the judgment, whereupon defendant filed an appeal to the Supreme Court February 28, 1952.

Defendant urges that the transcripted judgment affirmatively shows that the common pleas court failed to obtain jurisdiction over defendant, and that the judgment rendered is void. The author-

ity to transcript a judgment from the common pleas court to the circuit court is found in CL 1948, § 671.10 (Stat Ann § 27.3294):

"Sec. 10. Whenever an execution may by law be issued upon any judgment rendered by a justice of the peace, for 20 dollars or over, exclusive of costs, the party in whose favor such judgment shall have been rendered, his executor, administrator or assignee or the attorney of either of the parties may make and deliver to the justice of the peace having the control of such judgment, an affidavit, setting forth in substance, that the deponent knows, or has good reason to believe, and does believe, that there are not sufficient goods and chattels liable to execution to satisfy such judgment, within the county in which such judgment was rendered, belonging to such person or persons against whom such execution may issue; and thereupon it shall be the duty of the justice of the peace having the control of such judgment, rendered by himself or any other justice, on the demand of any person in whose favor the same shall have been rendered, his assignee or the attorney of either of the parties to give a certified transcript of such judgment and of the proceedings in the case, so far as they appear upon the docket, and the original affidavit required by the provisions of this section."

Such judgments may be filed in the circuit court of the county in which such judgment was rendered. (CL 1948, § 671.11 [Stat Ann § 27.3295]):

"Sec. 11. If the plaintiff, his assignee, or the agent or attorney of either of the parties shall make an affidavit stating the amount due upon such judgment, it shall be the duty of the clerk of the circuit court for the county in which such judgment shall have been rendered, to file such transcript in his office when requested, and to enter and docket the judgment in a book to be kept by him for that purpose,

noting therein the time of receiving it and the amount sworn to be due."

In *DeGuzman* v. *Wayne Circuit Judge,* 225 Mich 606, on page 610, the Court says:

"When the judgments were docketed in the circuit court they became, for the purpose of enforcement and of remedies by way of direct attack to have them cancelled, circuit court judgments."

In appealing defendant urges that the transcript does not show that the bailiff made diligent search and inquiry to effect personal service; that the transcript does not show that the pluries summons was left at defendant's abode; that it does not show that the summons was left with a person at least 18 years of age and suitable discretion; and that it does not show that its contents were read to the person served.

In *Laidlaw* v. *Morrow,* 44 Mich 547, we had occasion to pass upon the legality of a substituted service provided for in a statute similar to the statute involved in the instant case. The return of the officer shows:

"State of Michigan, County of Wayne, ss:
"The defendant not being found, I served the within summons on the twentieth day of December A.D. 1879, at the city of Detroit, within the said county, by leaving a copy thereof at the defendant's last place of abode, with C. P. Howell, a person of suitable age and discretion, who was informed by me of the contents.

W. W. WITHERSPOON,<br>Constable."

In that case we said:

"In the principal case the justice acquired no jurisdiction over the defendant, there being no appearance, because of a defective service of process,

as appeared by the return of the officer. The return * * * does not show that Howell was one of the family, or that the copy was left at the defendant's last place of abode, in the presence of some one of the family as the statute requires. [CL 1871] § 5262.* It may be, had sufficient facts been set forth in the return, that Howell was one of the family within the meaning of the statute, but this we cannot presume."

In *Mintz* v. *Ladendorf*, 247 Mich 546, we had occasion to construe a statute governing substituted service when process is issued out of a justice of the peace court. We there said:

"The statute authorizing substituted service of process must be strictly complied with in order to confer jurisdiction upon the court. * * * The jurisdiction of the justice must affirmatively appear. Without a valid service of the writ or an appearance by the defendant, he had no jurisdiction to proceed to judgment. * * * Manifestly, a judgment based upon a return which does not show a valid service would be void, and all proceedings in a case where there has not been a valid service are null."

In the case at bar the transcript fails to show that the officer made diligent search and inquiry to effect personal service, fails to show that the summons was left at defendant's abode, or its contents read to the person served. The transcript shows on its face that the common pleas court had no jurisdiction to render a judgment against defendant.

The judgment is reversed, with costs to defendant.

ADAMS, C. J., and DETHMERS, BUTZEL, CARR, BUSHNELL, BOYLES, and REID, JJ., concurred.

---

* See CL 1948, § 667.9 (Stat Ann § 27.3199).—REPORTER.