## FELICE *v.* FELICE.

1. PROCESS—JURISDICTION—COURT RULES.
   Affidavit of plaintiff seeking substituted service of process which merely recites that he does not know address or whereabouts of defendants *held*, insufficient under the rule, since it does not set forth facts showing "diligent inquiry in effort to ascertain" present address of defendants (GCR 1963, 106).

2. APPEARANCE—SUBSTITUTED SERVICE OF PROCESS.
   Order of appearance of trial judge based on inadequate affidavit of plaintiff *held*, clearly an abuse of discretion, where the order is faulty in that it does not contain a statement describing the nature of the proceedings, and the court's recitation in the order "further appearing after diligent search and inquiry" is wholly unsupported by the evidence contained in the affidavit, hence not curing the defect (GCR 1963, 106).

3. PROCESS—JURISDICTION—SUBSTITUTED SERVICE—COURT RULES.
   Court rule, authorizing substituted service of process, must be strictly complied with in order to confer jurisdiction on the court (GCR 1963, 106).

Appeal from Oakland; Dondero (Stanton G.), J. Submitted Division 2 January 4, 1966, at Lansing. (Docket No. 491.)    Decided June 14, 1966.

Complaint by Ernest Felice against Albert J. Felice and Katherine Felice for dissolution of partnership, cancellation of lease, and removal of cloud from title. Joseph Felice intervened as party plain-

REFERENCES FOR POINTS IN HEADNOTES
[1]  42 Am Jur, Process § 92.
[2]  5 Am Jur 2d, Appearances § 12.
[3]  42 Am Jur, Process § 57.

tiff. Plaintiffs took a default judgment. A year later defendants appeared and moved to set aside the judgment. Motion denied. Defendants appeal. Reversed and remanded.

*Anthony Renne,* for plaintiff.

*Gordon S. Smith,* for intervening plaintiff.

*Jack L. Banycky* (*Charles J. Porter,* of counsel), for defendants.

T. G. Kavanagh, P. J. Beginning in 1952 plaintiff Ernest Felice and his brother, defendant Albert Felice, conducted a gasoline service station business as partners at 4805 Dixie Highway, Drayton Plains, Michigan. The property on which the station was located was owned by their mother, Rose Felice, and they held under a lease from her.

On August 11, 1955, under an agreement among the parties, the lease under which they had been holding was canceled and a new lease was executed for an 86-year term starting August 1, 1965.

It appears that the business had not prospered and that at the time of cancellation of the lease on August 11, 1955, Rose Felice leased the property to the Mobile Oil Company for the 10-year period ending July 31, 1965.

Rose Felice apparently conveyed the title to the property to plaintiff Ernest Felice and intervening plaintiff Joseph Felice but no copy of the conveyance is attached to the record and no indication of the date thereof appears in the transcript of the arguments on the motion to set aside the default judgment. Since no issue was raised on the point, we assume it was sometime between August 11, 1955, and April 17, 1963.

The complaint was filed on April 17, 1963. It alleged the partnership, the lease, the cancellation and re-leasing, the subsequent conveyance of title to plaintiffs, the failure of defendant Albert Felice to keep proper books of account, the defendant's conversion of the property and profits of the partnership, the defendant's departure from Michigan, and that the "Agreement to Lease" was the only partnership asset remaining and was a cloud on the title to the land. It prayed for a dissolution of the partnership, cancellation of the lease, and an award to plaintiffs of all of defendant's interest in the land.

Upon plaintiffs' affidavit of nonresidence, the court entered an order of appearance, and upon defendants' failure to comply with the order, their default was taken and judgment for plaintiffs was entered.

Almost a year later, defendants moved to set aside the judgment and default and for leave to answer. This appeal is brought from a denial of the motion.

The appeal asserts error on three bases:

First, the court erred in determining the action to be one *in rem* and thus admitting of constructive service of process, for the complaint stated an action *in personam.*

Second, the court erred in assuming jurisdiction, for even if this be properly regarded as a proceeding *in rem,* there was no compliance with the requirements for proper service by publication under GCR 1963, 106.

Third, the court erred in denying the motion to set aside the default judgment because of the provisions of GCR 1963, 528.2 relating to innocent third parties.

We believe consideration of only one of these allegations is necessary to decision here.

GCR 1963, 106, provided in pertinent part:

".1 When available. In all civil actions in which personal jurisdiction over a defendant is not required, the court may order the defendant to answer or take such other action as may be permitted by law. The order shall be made after the plaintiff, his attorney, or an agent having knowledge of the facts files an affidavit dated not more than 10 days prior thereto showing one or more of the following facts:

"(1) the defendant resides outside the State;

"(2) the whereabouts of the defendant and his residence are unknown;

"(3) a summons has been returned showing that service of process cannot be made in the county where the action is pending.

"Every such affidavit shall state either the defendant's address, the defendant's last known address, or that no address of the defendant is known. Where the present address or name of a defendant is unknown to the plaintiff, he shall set forth facts showing diligent inquiry in his effort to ascertain the same.

".2 Court Order; Contents. The order shall contain the name of the court, the names of the parties, directions as to where and when to answer or take such other action as may be permitted by law, a statement describing the nature of the proceedings, and a statement as to the effect of failure to take the indicated steps. If the names of some or all of the defendants are unknown, the order shall describe the relationship of the unknown defendants to the matter to be litigated in the best way possible, as for example, unknown claimant, unknown owners, unknown heirs, devisees, legatees, or assigns of a named person.

".3 Same; Publication, Mailing. The defendant may be notified of the pendency of the action and his obligation thereto by:

"(1) publishing a copy of the order in a newspaper at least once each week for 4 consecutive weeks or for such further time as the court may require, and

"(2) mailing on or before the date of the second publication a copy of the order to the defendant at his address which the plaintiff knows or should by diligent inquiry be expected to know. When the address of any defendant is not known and cannot be ascertained upon diligent inquiry, a copy of the order shall be mailed to the defendant at his last known address. If the plaintiff does not know, and cannot ascertain, upon diligent inquiry, the present and last known address of the defendant, mailing a copy of the order is not required."

The affidavit upon which the order was issued was as follows:

"STATE OF MICHIGAN
COUNTY OF OAKLAND

Now comes the above named plaintiff, Ernest Felice, who being duly sworn, deposes and says:

1. That he is plaintiff in the above cause.

2. That he does not know the addresses, nor the whereabouts of the above named defendants, Albert J. Felice and Katherine Felice, his wife, and has not known for a long period of time.

Further deponent saith not.

Ernest Felice, Deponent."

The order of appearance read as follows:

"ORDER OF APPEARANCE

"At a session of said court, held at the Court House in the city of Pontiac, Oakland county, Michigan, this 17th day of April, A. D. 1963.

"PRESENT: THE HONORABLE STANTON G. DONDERO
Circuit Judge

"Upon reading and filing the complaint of plaintiff in the above cause, and the affidavit of Ernest Felice, attached hereto, from which it satisfactorily appears to the court that the defendants above

named are proper and necessary parties defendant in the above cause, and it further appearing after diligent search and inquiry that it is not known where the defendants are presently residing,

"Now, therefore, on motion of Anthony Renne, one of the attorneys for plaintiff,

"It is hereby ordered that said defendants cause their appearance to be entered in this cause within three months from the date of this order, and [in] the default thereof, that said complaint will be taken as confessed by said defendants.

"It is further ordered that within 40 days, plaintiff cause a copy of this order to be published in the Ferndale Gazette-Times, such obligation [publication] to be continued therein once in each week for six weeks in succession.

STANTON G. DONDERO<br>
Circuit Judge"

As we read the affidavit and order we are forced to the conclusion that the rule has not been followed. The affidavit does not set forth facts showing "diligent inquiry in [his] effort to ascertain" the present address of the defendant. The court's recitation in the order "further appearing after diligent search and inquiry" is wholly unsupported by the evidence contained in the affidavit and hence cannot cure the defect. The order is likewise faulty in that it does not contain a statement describing the nature of the proceedings.

To issue such order upon such an affidavit, in our view was clearly an abuse of discretion. Denial of defendant's motion to set aside the default judgment based upon the order was likewise. There must be strict compliance with the court rule. See *Meier* v. *Meier* (1961), 362 Mich 653, *Mintz* v. *Ladendorf* (1929), 247 Mich 546, and *Kerchieff* v. *Copening* (1952), 335 Mich 153, also, 21 ALR2d 929, at 940

(citing *Thompson* v. *Shiawassee Circuit Judge* [1884], 54 Mich. 236.)

The judgment should be set aside, the defendants' answer filed, and the matter set for trial. It is so ordered. The appellants may tax their costs.

BURNS and McGREGOR, JJ., concurred.