ARNOLD v ARNOLD (AMENDED OPINION)

1. PROCESS—SERVICE BY PUBLICATION—DIVORCE—COURT RULES.

Service by publication is sufficient in an action for divorce, and the procedure to be followed and the form to be utilized are prescribed by court rule which must be strictly complied with (GCR 1963, 106, 723.1).

2. JUDGMENT—ACCELERATED JUDGMENT—PROCESS—SERVICE BY PUBLICATION—COURT RULES—STRICT COMPLIANCE.

A trial court properly granted a defendant's motion for accelerated judgment where the defendant had been served by publication and the plaintiff had failed to comply strictly with the court rule regarding an affidavit for order of publication by failing to state that diligent inquiry had been made to ascertain the present address of the defendant (GCR 1963, 106.8).

Appeal from Oakland, James S. Thorburn, J. Submitted Division 2 March 14, 1974, at Lansing. Decided March 21, 1974. Amended opinion filed March 25, 1975.

Complaint by Harlie Arnold against Maude Arnold for divorce. Accelerated judgment for defendant. Plaintiff appeals. Affirmed.

*Wilson, Portnoy, Basso, Keller & Avadenka, P. C.,* for plaintiff.

*Lodge, Greenberg & Walker,* for defendant.

Before: D. E. HOLBROOK, P. J., and ALLEN and VAN VALKENBURG,* JJ.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 24 Am Jur, Divorce and Separation §§ 284, 286–289.

[2] 24 Am Jur 2d, Divorce and Separation § 282 et seq.

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

AMENDED OPINION

PER CURIAM. We amend our previously released memorandum opinion to clarify our reasoning and reliance upon *Felice v Felice,* 3 Mich App 421, 426; 142 NW2d 883 (1966), in support of our affirmance of the trial court.

The plaintiff, the complainant in a divorce action, appeals from an accelerated judgment entered on June 27, 1973. GCR 1963, 116.1.

Plaintiff filed his complaint for divorce in the Oakland County Circuit Court on July 10, 1972. Personal service of defendant was not obtained, and counsel for plaintiff, on August 10, 1972, filed an affidavit for order to answer which stated that defendant currently resided outside of the State of Michigan. Defendant's last known address was also stated on the face of the affidavit. The Honorable James S. Thorburn, on August 10, 1972, signed the order to answer, and the same was published.

On May 11, 1973, defendant filed a motion for accelerated judgment, alleging that plaintiff's affidavit filed in support of the order to answer was defective in that it had failed to set forth what diligent inquiry plaintiff had made to ascertain the present address of defendant. On May 23, 1973, the trial judge granted defendant's motion for accelerated judgment after oral argument was held.

According to 1 Honigman & Hawkins, Michigan Court Rules Annotated, Author's Comments, p 142, an action for divorce is "considered quasi in rem, by virtue of the court's jurisdiction over the marital status of a resident party. Thus service by publication is sufficient * * * ." See GCR 1963,

723.1. GCR 1963, 106 is the court rule which prescribes the procedure to be utilized when a party seeks to serve process by publication. It has been noted that:

"Rule 106 spells out in explicit detail the necessary conditions precedent, the mechanics of publication and mailing, and the method of proving the same. Since this method of serving notice is in derogation of the common law, the prescribed requirements should be followed meticulously." 1 Honigman & Hawkins, Michigan Court Rules Annotated, Author's Comments, p 141.

According to GCR 1963, 106.1:

"Where the present address or name of a defendant is unknown to the plaintiff, he shall set forth facts showing diligent inquiry in his effort to ascertain the same."

GCR 106.8 provides the applicable form to be utilized for an affidavit for order of publication, with (6) of the same containing the "diligent inquiry" provision. Plaintiff in the instant case failed to state, in his affidavit, that diligent inquiry had been made to ascertain the present address of defendant.

In *Felice v Felice,* 3 Mich App 421, 426; 142 NW2d 883 (1966), our Court found that an affidavit which had failed to set forth facts showing plaintiff's "diligent inquiry" in his effort to determine the present address of defendant did not comply with GCR 1963, 106. *Felice* said "there must be strict compliance with the court rule". 3 Mich App 421, 426. Such strict compliance was absent in the instant case, and we find that the trial court was correct in granting defendant's motion for accelerated judgment.

Affirmed.